## SHERMAN v. HAGEMANN.

(Court of Appeals of District of Columbia. Submitted March 14, 1922. Decided April 3, 1922.)

### No. 1482.

1. **Patents ⬅101—Claim for means for releasing pressure after predetermined distance does not require automatic predetermination.**

A claim in interference for an improvement in a friction roll manifolder, which employs means for relaxing the pressure between the roll after feeding the strips a predetermined distance, does not require that the predetermination of that distance shall be automatic, so that a party is entitled to make the claim, though the operator must determine the distance by observing the coincidence of the marks on the upper strip and on the machine frame.

2. **Patents ⬅101—Claim of interference must be given broad meaning.**

The claim in interference proceedings should be given as broad a meaning as its terminology will reasonably permit.

Van Orsdel, Associate Justice, dissenting.

Appeal from the Commissioner of Patents.

Interference proceedings between John Q. Sherman and Louis F. Hagemann and three others. From a decision of the Commissioner of Patents, awarding priority to Hagemann, the senior party, Sherman appeals. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Melville Church, of Washington, D. C., and A. M. Allen, of Cincinnati, Ohio, for appellant.

F. P. Warfield, H. S. Duell, and J. W. Anderson, all of New York City, for appellee.

SMYTH, Chief Justice. This appeal is from a decision of the Commissioner of Patents in an interference proceeding in which there were orginally five parties—Hagemann, Miller, Smith, Roberts, and Sherman. The issue is expressed in one claim, which reads:

In a friction-roll manifolder employing perforated form strips, a drive roll and a co-operative pressure roll for feeding said strips, means for relaxing the pressure between the rolls after feeding said strips a predetermined distance, and form-adjusting means for engaging form perforations at the time of said pressure relaxation.

Hagemann is the senior party. The other parties challenged his right to make the claim. The Law Examiner decided against them. No testimony was taken by any of the parties, and the Examiner of Interferences awarded priority to Hagemann on the record. Two of the parties, Roberts and Sherman, appealed to the Examiners in Chief, but they were defeated. The appeal to the Commissioner was by Sherman alone. He lost, and priority was awarded to. Hagemann. Sherman brings the case here.

In a general way, the invention relates to improvements in what is commonly known as autographic registers for making sales slips and the like. They usually comprise a casing in which a plurality of rolls of paper are mounted, the webs from the several rolls being drawn over a writing tablet on top of the case, with carbon paper interposed between the several strips on the tablet, and feeding devices located beyond the writing tablet for feeding or drawing the written strips from the tablet, to be torn or severed from the webs, and a fresh supply of paper left for subsequent use.

The Hagemann structure is thus described by the Examiners in Chief: The gears are turned by a hand crank, and the strips are pulled forward until the operator observes the coincidence of certain marks on the upper strip and on the machine frame, when he stops rotating the crank. The perforations in the strips are now in position to receive the aligning pins. These pins are lifted by the operator by rocking a lever adjacent to the crank. The perforations are larger than the pins, and the latter may not engage the walls of the perforations at the time the pins are lifted. After the latter are well within the perforations, a lug, that is lifted with the pins, engages the frame of the upper feed roller, raises this roller away from the cooperating roller, and thus frees the strip. Strips, having been under tension, may now settle backward, and draw the front walls of the perforations against the front sides of the pins.

[1] Sherman urges that since there is nothing in the Hagemann machine which predetermines the distance that the strips shall be fed, it does not respond to the claim; in other words, that the predetermination called for is not effected by the machine, but by the conscious

action of the operator, who, when he discovers that the marks on the upper strip correspond with those on the structure, ceases to operate the crank. The stress of appellant's argument at the bar was laid upon this contention. If, he said, the predetermination is to be the work of the operator, it cannot be that of the machine, and hence one of the elements of the claim is not satisfied in the Hagemann structure. But this assumes that the claim requires that the means for effecting the predetermination shall be in the machine; whereas, there is no such requirement in it.

[2] It does not say that the predetermination shall be automatic, and we may not import into it something which was not placed there when it was formulated. To do so would be to narrow the claim; whereas, we should give it as broad a meaning as its terminology will reasonably permit. Miel v. Young, 29 App. D. C. 481; Sanders v. Emerson, 37 App. D. C. 598; Murphy v. Cooper, 45 App. D. C. 307. The claim is taken from Smith's application, which contains no mention of an automatic action in that regard. If the operator predetermines to stop the forward movement of the strips when the mark on the strip and the one on the frame are in proper register, there are means by which he can do it. This satisfies the claim.

Other points were made in the brief, but we think they are without merit.

We affirm the decision of the Commissioner.

Affirmed.

VAN ORSDEL, Associate Justice, dissents.